IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PEARLIE BERNARD JACKSON,

                                                                         OPINION and ORDER

              Petitioner,

                                                                  07-cv-733-bbc

    v.

SHERIFF ERIC A. RUNAAS,
CHIEF DEPUTY ROBERT D.
SPODEN, COMMANDER
BARBRA TILLMAN, LIEUTENANT
RUSS STEEBER, SERGEANT
PAT LALOR, and OFFICER MEYERS,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary and injunctive relief, brought under 42 U.S.C. § 1983. Petitioner contends that respondents violated his Fourteenth Amendment right to equal protection under the law and due process by disciplining him more harshly than a white inmate on the basis of his race while he was in confinement at the Rock County jail. Petitioner has asked for leave to proceed <u>in forma pauperis</u> and has supported his request with an affidavit of indigency. The standard for determining whether petitioner qualifies for indigent status is the following:

1

- From petitioner's annual gross income, the court subtracts $2820 for each dependent excluding the petitioner.

- If the balance is less than $11,500, the petitioner may proceed without any prepayment of fees and costs.

- If the balance is greater than $11,500 but less than $15,000, the petitioner must prepay half the fees and costs.

- If the balance is greater than $15,000, the petitioner must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, petitioner has two dependents. His monthly income is $702 and his wife's monthly income is $995. Under Wisconsin's marital property laws, petitioner's wife's income is considered to be petitioner's as well. Thus, petitioner has a monthly income totaling $1697, which makes his annual income $20,364. Petitioner's balance comes to $14,724 after subtracting $2820 for each dependent. Because petitioner's income falls in the $11,500 to $15,000 range, he must prepay half the fees and costs. If he wishes to proceed with this action, he will have to pay $175, which is half of the $350 filing fee.

Before petitioner may proceed in forma pauperis, I must determine whether his action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

2

addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

On March 13, 2008, before I could screen petitioner's complaint under 28 U.S.C. § 1915(e)(2), petitioner filed another complaint, dkt. #3, alleging the same set of facts found in his first complaint but adding new details. I construe the March 13, 2008 document to be an amended complaint, and consider it to be the operative complaint.

Because, at the pleading stage, petitioner has alleged that he was punished more severely than another prisoner because he is black, his request for leave to proceed in forma pauperis will be granted on his claim that respondents violated his right to equal protection under the law. However, because jail rule violations and changes in security classification do not implicate a liberty interest, petitioner will be denied leave to proceed on his claim that respondent Lalor violated his due process rights.

From petitioner's proposed amended complaint, I draw the following allegations.

ALLEGATIONS OF FACT

A. Parties

At times relevant to his complaint, petitioner Pearlie Bernard Jackson was an inmate at the Rock County jail in Janesville, Wisconsin; respondent Eric A. Runaas was the sheriff of Rock County; and respondent Robert D. Spoden was the chief deputy of the Rock County

3

jail. Respondent Barbra Tillman is the commander of the Rock County jail, respondent Russ Steeber is the lieutenant of the Rock County jail, respondent Pat Lalor is the sergeant of the Rock County jail and respondent Meyer is an officer at the Rock County jail.

### B.  Altercation

On September 5, 2005, petitioner, a black inmate, and a white inmate named Jenssen were engaged in an altercation.  When respondent Meyers prepared a conduct report addressing the incident, he included only what Jenssen told him about the incident.

On that same day, petitioner was given a hearing regarding punishment for his involvement in the fight.  Respondent Lalor presided as the hearing officer.  Petitioner asked to call a witness or question Jenssen or a nurse who had examined petitioner's injuries after the altercation, but respondent Lalor denied his requests.  When plaintiff attempted to show respondent Lalor his injuries, respondent Lalor responded that he could not see his injuries because plaintiff's skin was so dark.  Respondent Lalor sentenced petitioner to 20 days in "the hold" and ordered that petitioner's classification be changed.  Jenssen was not punished.  Respondent Lalor stated that plaintiff injured Jenssen because Jenssen was old.

Following the hearing, from September 5, 2005 until September 13, 2005, petitioner sent a letter to each of the respondents to complain that he was punished unfairly because he was black and to complain about the unfair hearing he was afforded by respondent Lalor.

4

After receiving petitioner's letters, respondents Runaas, Spoden, Tillman, Steeber could have corrected respondent Lalor's decision or responded to petitioner's complaints about treatment, but none did. All respondents are white. Each respondent made his or her decisions relating to plaintiff's punishment and Jenssen's lack of punishment because plaintiff is black.

OPINION

A. Equal Protection

I understand petitioner to contend that he was disciplined more harshly than another similarly situated prisoner because of his race, in violation of his right to equal protection under the Fourteenth Amendment. Even after incarceration, prisoners retain their right to equal protection of the laws, which entitles them to be treated the same as other like individuals. Ordinarily, different treatment is permissible so long as there is a rational basis for it, City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 440 (1985), but heightened scrutiny is required in certain situations, such as when the government discriminates on the basis of race. Johnson v. California, 543 U.S. 499 (2005).

At the pleading stage, the liberal requirements of notice pleading are "particularly" liberal for equal protection claims; in the context of race discrimination, even bare allegations such as "I was turned down a job because of my race" meet the requirements of Fed. R. Civ.

5

P. 8 and state an equal protection claim. Brown, 398 F.3d at 916 n.1 (quoting Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998)).

At this stage, petitioner will be granted leave to proceed on his equal protection claims against all respondents. From petitioner's allegations, it is possible to infer that each respondent discriminated against petitioner on the basis of his race. Petitioner alleges that respondent Meyers prepared a one-sided conduct report regarding an altercation between petitioner and a white inmate that favored the white inmate; respondent Lalor punished petitioner for his conduct but let the white inmate go and stated that he did not see petitioner's injuries because petitioner's skin was too dark; and respondents Runaas, Spoden, Tillman and Steeber refused to correct respondent Lalor's decision or respond to petitioner's treatment even though petitioner wrote them complaining about his treatment and appealing respondent Lalor's decision. Moreover, petitioner alleges that all respondents are white and each respondent acted as he or she did because petitioner is black.

Although petitioner's allegation is enough to satisfy Rule 8, it will not be enough to prove his claim at summary judgment or at trial. In order to succeed on his theory of race-based discrimination, petitioner must prove that *each* respondent acted against him with "discriminatory intent." McNabola v. Chicago Transit Authority, 10 F.3d 501, 513 (7th Cir. 1993). What petitioner "believes" or "suspects" to be the motives of each respondent will not be enough. Instead, petitioner will be required to come forward with specific facts

6

tending to show the motives of each respondent for acting as he or she did.

## B. Due Process

Next, petitioner contends that respondents violated his due process rights by denying him a fair opportunity to present his side of the story before he was sentenced to 20 days in a "hold" and had his security classification changed. A procedural due process claim against government officials requires not only proof of inadequate procedures, but also interference with a liberty or property interest. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). In Sandin v. Conner, 515 U.S. 472, 483-84 (1995), the Supreme Court held that liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Under Sandin, due process is not implicated in the prison (or jail) setting until there is a "substantial *incremental* deprivation" of liberty beyond those limitations considered ordinary incidents of prison life. Wagner, 128 F.3d at 1174 (emphasis in original).

Petitioner's discipline, 20 days in "the hold" (presumably a segregation cell) and a change in his security classification does not implicate a liberty interest because it is not sufficiently atypical and significant in relation to the ordinary incidents of prison life. After Sandin, protected liberty interests in the prison (or jail) context are essentially limited to the

7

loss of good time credits or placement for an indeterminate period of time in one of this country's "supermax"prisons.  E.g., Wilkinson v. Austin, 545 U.S. 209 (2005).  Because no such treatment occurred, petitioner will be denied leave to proceed on his due process claim against respondents.

ORDER

IT IS ORDERED that

1.  Petitioner Pearlie Bernard Jackson's request for leave to proceed in forma pauperis in this action is GRANTED, on the condition that petitioner submit a check or money order made payable to the clerk of court in the amount of $175 on or before April 18, 2008.  If, by April 18, 2008, petitioner fails to pay the partial fee he has been ordered to submit, then the clerk of court is directed to close this file for petitioner's failure to prosecute.

2.  Petitioner is GRANTED leave to proceed on his claims that:

(a)  respondent Pat Lalor, violated his Fourteenth Amendment equal protection rights by disciplining petitioner more severely because petitioner is black;

(b)  respondent Meyers, violated his Fourteenth Amendment equal protection rights by preparing a one-sided conduct report against petitioner because petitioner is black;

(c)  respondents Eric A. Runaas, Robert D. Spoden, Barbra Tillman and Russ Steeber violated his Fourteenth Amendment equal protection rights by refusing to correct respondent

8

Lalor's decision or petitioner's mistreatment because petitioner is black.

    3. Petitioner is DENIED leave to proceed on his claim that respondents violated his Fourteenth Amendment due process rights by denying him a fair hearing before he was placed in "the hold" for 20 days and had his security classification changed.

    4. For the remainder of this lawsuit, petitioner must send respondents a copy of every paper or document that he files with the court. Once petitioner has learned what lawyer will be representing respondents, he should serve the lawyer directly rather than respondents. The court will disregard any documents submitted by petitioner unless petitioner shows on the court's copy that he has sent a copy to respondent or to respondent's attorney. Petitioner should keep a copy of all documents for his own files. If petitioner does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

    5. A copy of petitioner's complaint and a copy of this order will be forwarded to the United States Marshal for service on the defendant as soon as petitioner's partial payment

9

is received.

Entered this 7th day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge