IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PEARLIE BERNARD JACKSON,

                                                                  OPINION AND ORDER

                     Plaintiff,

                                                                  07-cv-733-bbc

    v.

SHERIFF ERIC A. RUNAAS, CHIEF
DEPUTY ROBERT D. SPODEN,
COMMANDER BARBARA TILLMAN,
LIEUTENANT RUSS STEEBER,
SERGEANT PAT LALOR and
OFFICER MEYER,[1]

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated April 7, 2008, I screened plaintiff's complaint pursuant to 28 U.S.C. § 1915 and concluded that plaintiff could proceed on his claims that defendants Meyer, Lalor, Runaas, Spoden, Tillman and Steeber discriminated against him because of his race when he was disciplined for fighting with a white inmate while the white inmate was not disciplined.

---

[1] Although plaintiff named an "Officer Meyers," defendants' filings show that his proper name is Officer Meyer. I have modified the caption accordingly.

Before turning to consider defendants' motion for summary judgment, a word about procedure is in order. The parties received instructions on how to file submissions related to summary judgment. <u>Procedure to be Followed on Motions for Summary Judgment</u>, <u>Helpful Tips to Filing a Summary Judgment Motion in Cases Assigned to Judge Barbara B. Crabb</u>, attached to Pre-Trial Order, dkt. #23. As explained in the instructions, a party moving for summary judgment must file a motion, a statement of proposed findings of fact, evidentiary materials and a supporting brief. A party opposing summary judgment must file a brief with opposing legal arguments, a response to the movant's proposed findings of fact, and evidentiary materials to support the factual propositions. Each fact must be proposed in a separate paragraph and supported by a reference to supporting evidence. In opposing defendants' motion, plaintiff failed to comply with these procedural rules. Instead, he submitted an opposition brief that looked more like a complaint than legal arguments, proposed findings of facts without identifying which evidentiary source supported each proposed finding and a sur-reply brief in response to defendants' reply brief. Defendants have moved to strike the sur-reply.

A party may not file a sur-reply without permission from the court. Such permission is granted only in the rare instance in which a reply brief raises new arguments that could not have been raised before. That is not the case here, as defendants raised no new arguments in their response. Consequently, I will grant defendants' motion to strike.

Plaintiff's failure to follow the procedural rules could be grounds for disregarding all the evidence he submitted in opposition to defendants' motion for summary judgment. However, it is apparent that, as a pro se prisoner, plaintiff simply misunderstood the rules, and a pro se prisoner's non-compliance with local rules should not mean that they do not receive a "fair shake." Dale v. Poston, __F.3d__, 2008 WL 4951070, *5 (7th Cir. Nov. 21, 2008). More important, defendants will suffer no prejudice because, even considering all the evidence plaintiff has submitted, plaintiff has failed to adduce sufficient evidence that defendants violated his right to equal protection. Therefore, I will consider plaintiff's affidavit and the documents attached to it.

From plaintiff's affidavit and exhibits and defendants' proposed findings of fact, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

At all times relevant to this action, plaintiff Pearlie Bernard Jackson was an inmate of the Rock County jail in Janesville, Wisconsin and the defendants were employees of the Rock County Sheriff's Department: defendant Runaas was Sheriff of Rock County, defendant Spoden was the chief deputy, defendant Tillman was the commander of the Rock County jail, defendant Steeber was a lieutenant, defendant Lalor was a sergeant and defendant Meyer was a correctional officer.

3

On September 5, 2005, plaintiff, an African-American, and his cell mate, a white inmate named Janssen, were involved in a physical altercation that was not observed by others. According to plaintiff's affidavit, immediately before the altercation, Janssen refused to move away from the toilet in their cell. Plaintiff moved toward the toilet and Janssen came at him quickly. Plaintiff put his hands out to prevent Janssen from hurting him and the two inmates "contacted" each other.

Both inmates saw Nurse Jenny for medical attention. She recorded in Janssen's medical file that his arm injuries did not appear to be self-inflicted. As for plaintiff, although he told Nurse Jenny that he sustained scratches on his arms, she reported, "[t]his RN saw 0 scratches. Has a [sic] approx. 3 mm length mark on (R) forearm. Unable to tell if new or old. 0 skin broken. 0 swelling. 0 redness."

Defendant Meyer conducted an initial investigation of the incident. According to defendant Meyer's report, plaintiff stated that Janssen would not move away from the toilet, that he never touched Janssen and that Janssen's injuries were self-inflicted. Janssen told defendant Meyer a different story, stating that "[plaintiff] gave me a snake bite." ("Snake bite" is a term used to describe what happens when a person grabs another's forearm with both hands and then twists the hands in opposite directions, causing minor friction burns.). Defendant Meyer observed friction burns and redness on Janssen's arm and read Nurse Jenny's opinion that Janssen's injuries were not self-inflicted. Relying on this information,

4

defendant Meyer wrote plaintiff up for violating three rules of the Rock County jail: 1) § 1.01, Assault; 2) § 3.01, Lying or Making a False Statement; and 3) § 4.02(2), Creating a Disturbance.

Defendant Lalor held a review hearing and affirmed defendant Meyer's determination. During the hearing, plaintiff stated that he never touched Janssen and that Janssen had injured plaintiff. Defendant Lalor wrote in his conduct report that he could not see any injuries on plaintiff. (The parties dispute whether at the hearing defendant Lalor declined to look at plaintiff's injuries on the ground that his "skin is too dark."). Plaintiff also stated during the hearing that Janssen's injuries were self-inflicted, to which defendant Lalor expressed doubt, noting his observations of "a fairly serious [injury on Janssen] that I do not believe was self-inflicted." Plaintiff received twenty days in segregation and a change in his security classification. Janssen received no punishment.

Plaintiff "appealed" the decision by issuing letters addressed to "Lt. of Rock County Jail," "Deputy of Rock County Jail," "Captain of Rock County Jail," "Commanding Chief of Rock County Jail" and "To Whom It May Concern." In these letters plaintiff complained that it was unfair that only he had been punished, that his injuries were ignored by the reporting officer and that defendant Lalor had commented that plaintiff's "skin is too dark." Defendant Steeber received the letters and consolidated them because no one at the jail held the positions identified in plaintiff's letters. Defendant Steeber notified plaintiff on Rock

5

County Sheriff's Department letterhead that he had received the letters and would forward them to defendant Tillman. The letterhead included the names of defendants Runaas and Spoden. The letter also informed plaintiff that he would receive a written response from either defendant Tillman or defendant Steeber.

Plaintiff never heard from defendants Tillman, Runaas, or Spoden. Defendant Steeber reviewed plaintiff's appeal and the reports of defendants Meyer and Lalor and wrote plaintiff that there was no basis to invalidate his punishment. Consequently, plaintiff's sentence remained unchanged.

OPINION

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Indiana Grocery, Inc. v. Super Valu Stores, Inc., 864 F.2d 1409, 1412 (7th Cir. 1989). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." Brummett v. Sinclair Broad. Group, Inc., 414 F.3d 686, 692 (7th Cir. 2005). The non-moving party cannot rely on the pleadings or speculation, but must identify specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine issue for trial. Celotex,

477 U.S. at 324. If the non-moving party fails to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the moving party is proper. Id. at 322.

To proceed to trial on a race-based equal protection claim, the plaintiff "must establish that a state actor has treated him differently from persons of a different race and that the state actor did so purposefully." Billings v. Madison Metropolitan School District, 259 F.3d 807, 812 (7th Cir. 2001). Consequently, a plaintiff cannot rely solely on different treatment as evidence of unconstitutional conduct, but rather must demonstrate that the defendant treated him differently because of his race. McNabola v. Chicago Transit Authority, 10 F.3d 501, 513 (7th Cir. 1993).

Although plaintiff's claims were sufficient to satisfy the pleading requirements of Fed. R. Civ. P. 8, I warned plaintiff earlier that he would be required to offer specific facts showing that each defendant acted with discriminatory intent. He has failed to do so, instead resorting to mere speculation and conjecture about why he was punished. His evidence of discriminatory intent consists of nothing more than the fact that he is black and was punished for the altercation while Janssen is white and was not, along with defendant Meyer's "biased" conduct report against plaintiff and defendant Lalor's comment that plaintiff's "skin is too dark."

7

### A. Defendant Meyer

Plaintiff states in his affidavit that defendant Meyer wrote a "one-sided" conduct report that favored Janssen and ignored plaintiff's side of the story, including plaintiff's injuries. By itself, a one-sided inmate conduct report does not raise an implication of racial discrimination. The report contains no racially inflammatory remarks or any indication that defendant Meyer acted with discriminatory intent. Instead, it simply recites plaintiff's summary of the altercation, Janssen's story and Nurse Jenny's medical observations. After noting that Nurse Jenny's findings were consistent with Janssen's report, defendant Meyer concluded that plaintiff instigated the altercation. Even assuming the report is one-sided, it contains no evidence that defendant Meyer prepared it that way because of plaintiff's race.

Moreover, plaintiff has not provided any additional evidence that would allow a jury to infer discriminatory intent. For instance, he has not shown that defendant Meyer ever made racist comments or mistreated other blacks. At the end of discovery, all plaintiff has to offer is defendant Meyer's report and the racial differences between him and Janssen; but the mere fact that plaintiff is black and Janssen is white does not prove discriminatory treatment.

Because plaintiff has failed to adduce sufficient evidence to allow a reasonable jury to infer that defendant Meyer treated him differently than Janssen because of his race, defendants' motion for summary judgment will be granted as to plaintiff's claim against

8

defendant Meyer.

### B. Defendant Lalor

Defendant Lalor reviewed the conduct report, conducted a review hearing, determined that plaintiff violated jail rules and punished him. The parties dispute whether, in the course of his review, defendant Lalor commented to plaintiff that he could not see plaintiff's injuries because his "skin is too dark." Plaintiff raises this comment, coupled with defendant Lalor's decision to punish him, as proof of racial discrimination.

Racism in any form is reprehensible and should not be condoned in any part of society. Although prisoners are expected to endure many "harsh" and "restrictive" conditions as "part of the penalty . . . for their offenses," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), bigotry and intolerance should not be among them. Nevertheless, not all racial insensitivity violates the Constitution. The Court of Appeals for the Seventh Circuit has stated flatly that "the use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. Standing alone, simple verbal harassment does not . . . deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2002).

The only evidence of racial discrimination that plaintiff offers against defendant Lalor is his disputed remark about plaintiff's skin color. According to plaintiff, defendant Lalor's

9

comment shows that defendant Lalor declined to examine plaintiff's injuries because of plaintiff's race. However, defendant Lalor's comment that plaintiff's "skin is too dark"does not by itself establish a genuine issue of material fact. Surely this remark is offensive, unprofessional and inappropriate. But an isolated statement, without more, does not demonstrate discriminatory intent, see, e.g., Bahl v. Royal Indem. Co., 115 F.3d 1283, 1293 (7th Cir. 1997), especially in this instance in which the comment is unrelated to the challenged action taken against plaintiff.

Plaintiff's injuries were not under review at the hearing. The purpose of the review hearing was to assess plaintiff's conduct, not Janssen's. Even assuming that defendant Lalor refused to examine plaintiff's injuries because of the color of plaintiff's skin, plaintiff has shown no connection between that decision and defendant Lalor's decision to punish plaintiff for his role in the altercation. Plaintiff would have to adduce additional evidence to show that the comment was somehow related to defendant Lalor's decision to punish plaintiff. Standing alone, the remark is too tenuously connected to defendant Lalor's treatment of plaintiff to amount to more than "simple verbal harassment."

I conclude that plaintiff has not produced sufficient evidence to allow a jury to decide in his favor as to defendant Lalor. Defendants' motion for summary judgment will be granted as to plaintiff's claim against defendant Lalor.

### C. Defendants Runaas, Spoden, Tillman and Steeber

This leaves plaintiff's claims against defendants Runaas, Spoden, Tillman and Steeber, which were tied to defendants Meyer and Lalor's conduct and punishment of plaintiff. Because plaintiff has no claim against defendants Meyer and Lalor, it follows that he has no claim against defendants Runaas, Spoden, Tillman and Steeber. Defendants' motion for summary judgment will be granted as to these remaining claims.

### ORDER

IT IS ORDERED that:

1. The motion of defendants Runaas, Spoden, Tillman, Steeber, Lalor and Meyer to strike plaintiff's sur-reply brief, dkt. #56, is GRANTED.

2. Defendants' motion for summary judgment, dkt. #33, is GRANTED.

3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 3rd day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge